OPINION OF THE COURT
Per Curiam.
Order, dated December 15, 2006, reversed, with $10 costs, motion denied and warrant of eviction reinstated.
This holdover summary proceeding, stemming from the termination of respondent’s tenancy based upon a finding of undesirability made by the landlord cooperative corporation (see 40 W. 67th St. v Pullman, 100 NY2d 147 [2003]), was settled via a so-ordered stipulation dated July 31, 2006. The stipulation provided for the entry of a possessory judgment in landlord’s favor, with execution of the warrant of eviction stayed for a two-year probationary period. The stay was conditioned upon tenant’s compliance with certain terms relating to the upkeep and cleanliness of his apartment. Paragraph 3 of the stipulation, upon which this appeal centers, reads as follows:
“Respondent] shall not permit his dogs to defecate or urinate in the [apartment or common areas of *3 the building] and/or if same occurs shall promptly [and] properly clean so as to avoid issuance of any odor. If respondent] or any authorized individual is in [the apartment] said clean-up to be done immediately.”
The stipulation, which authorized landlord to execute on the warrant on five days’ notice in the event that tenant breached its terms, further provided (at para 7) that a violation would not be “deemed de minimis,” but would be treated with “zero tolerance.”
Following landlord’s service of a notice of default in October 2006, a compliance hearing was held to determine whether tenant had breached the provisions of paragraph 3 of the stipulation. The testimonial and photographic evidence presented at the hearing demonstrated, and it is not now seriously disputed, that one of tenant’s dogs, an Afghan hound, defecated on a hallway floor inside the apartment at some point on August 22, 2006 while tenant was present in the apartment preparing to embark on a Caribbean vacation, and that the dog feces remained on the hallway floor until at least September 13, 2006, the date tenant returned from vacation.
Based upon these unrefuted facts, and giving proper effect to the “zero tolerance” provisions agreed to by the parties upon advice of counsel, we find the conclusion inescapable that tenant substantially breached the stipulation’s terms by failing to “promptly” or “properly” clean the dog feces, which, by all present accounts, remained on the floor of tenant’s apartment for roughly three weeks. The stipulation, construed under settled contract principles (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]) according to the plain meaning of its terms (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), clearly required tenant to effectuate a proper clean-up “immediately” upon the creation of the offending condition on August 22, 2006, at a time when tenant concededly was present in the apartment. In view of the acknowledged three-week delay, landlord was entitled to a possessory judgment, a remedy which represents not a forfeiture of the tenancy, but “the contracted-for consequence of . . . tenant[’s] own failure to do that which [he] promised to do” (Hotel Cameron, Inc. v Purcell, 35 AD3d at 155-156, quoting 1029 Sixth v Riniv Corp., 9 AD3d 142, 150 [2004], lv dismissed 4 NY3d 795 [2005]). The tenant’s professed unawareness of the dog’s mess — which, we note, was conspicuously deposited immediately outside tenant’s bedroom — does *4 not provide a legal basis for tenant to avoid his clearly-stated obligations under the stipulation. In evaluating tenant’s breach using the “zero tolerance” standard formulated by the parties, it is not unreasonable to charge tenant with knowledge of what he ought to have discovered through the ordinary use of his senses.
While the court, in limited circumstances, has discretion not to enforce a stipulation (see Hotel Cameron, Inc. v Purcell, 35 AD3d at 156), this is not an appropriate case for the exercise of judicial forbearance. As our Appellate Division recently stated in parallel circumstances:
“The stipulation was the product of negotiations between the attorneys for both parties, an agent of landlord, [and] tenant . . . , and permitted tenant to avoid adjudication of landlord’s [undesirability] holdover petition and remain in possession of his apartment if tenant refrained from certain specified conduct for a two-year period. Given the circumstances under which the stipulation was executed and the provisions advantageous to tenant therein, equity would not be served by refusing to enforce the stipulation. Additionally, we would discourage landlords from resolving housing court matters through stipulations of settlement if we were not to enforce this stipulation.” {Purcell at 156.)
McKeon, EJ., MgCooe and Davis, JJ., concur.